PEOPLE ex rel. HORVAY v. BOARD OF EDUCATION OF CITY OF
NEW YORK.   (No. 6314.)

(Supreme Court, Appellate Division, First Department.   October 30, 1914.)

MANDAMUS (§ 76*)—REINSTATEMENT OF TEACHER.
    Where relator was dismissed by the board of education of the city of
    New York because of lack of work, and no one was appointed in his place,
    his name being placed in the proper position on the civil service list, he
    was not entitled to mandamus to compel his reinstatement.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 158–160; Dec.
    Dig. § 76.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Karoly Z. Horvay,
against the Board of Education of the City of New York.   From an
order granting an alternative writ, respondent appeals.   Order re-
versed, and writ denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-
LING, and HOTCHKISS, JJ.

Chas. McIntyre, of New York City, for appellant.
John T. Loew, of New York City, for respondent.

PER CURIAM.   It affirmatively appears that the relator was dis-
missed for lack of work, and that no one was appointed in his place,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that his name was placed in the proper position upon the civil service list. It is clear that he has no right to be reinstated in a position in which there was no work for him to do.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.